86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David SLAUGHTER, Petitioner-Appellee,
v.
Kingston PRUNTY; Daniel E. Lungren, Attorney General,
Respondents-Appellants.
 No. 95-55792.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1996.
Decided May 22, 1996.
 
 1
 Before: O'SCANNLAIN, TROTT, Circuit Judges, and VAN SICKLE* District Judge.
 
 
 2
 MEMORANDUM**
 
 OVERVIEW
 
 3
 David Slaughter pleaded guilty to first-degree murder and three counts of robbery exposing him to a sentence of life without parole ("LWOP") due to alleged "special circumstances" under California Penal Code § 190.2(a)(17)(i), i.e., that the murder was committed while he was engaged in the commission of a robbery. A sentencing hearing was held in California Superior Court as to striking the special circumstance allegation. The Defendant's motion to strike was denied, and he was sentenced to LWOP.
 
 
 4
 The Defendant-Petitioner filed in district court a petition for habeas corpus claiming he never admitted to the truth of the special circumstance. United States Magistrate Judge Joseph Reichmann recommended the denial of the petition. The District Court for the Central District of California, Honorable Robert J. Timlin, presiding, rejected the Magistrate's report and granted the writ. The government appeals the granting of habeas corpus for the Petitioner. We reverse.
 
 DISCUSSION
 
 5
 The parties are well aware of the facts and legal circumstances of this case, so we will not rehash them in great detail. Suffice it to say that petitioner Slaughter claims he never admitted during the taking of his plea of guilty the truth of the allegation of special circumstances brought against him in state court in connection with a charge of murder, and that the state trial court never adjudicated the special circumstances to be true. It follows, says petitioner, that his sentence to life without possibility of parole cannot stand because the required legal predicate for such a sentence was never established.
 
 
 6
 We disagree with petitioner's assertions and with his characterization of the plea he entered in superior court. Thus we find it unnecessary to address the State's contentions that petitioner did not succeed in alleging a violation of a liberty interest, and that the district court's holding violated Teague v. Lane, 489 U.S. 288 (1994). Our examination of the record shows: (1) that petitioner fully understood the charges against him when he pleaded guilty, charges which included the allegation of robber-murder special circumstances in the Information; (2) that he understood that the plea he was about to enter would result directly in a sentencing hearing in which he could be sentenced to life without possibility of parole; (3) that the factual basis for such a plea was established by a transcript of a preliminary hearing at which he was present and represented by counsel; (4) that he understood that his only hope for freeing himself from the special circumstances to which he was pleading would be in a "Williams hearing," see California v. Williams, 637 P.2d 1029 (Cal.1981), in which the judge as part of the sentencing process was empowered to "strike" the special circumstances; (5) that he fully and knowingly waived his statutory and constitutional rights in connection with all the charges in the Information to which he was pleading, including his right to a trial by jury in which the jury "would find you guilty or not guilty of any or all the charges;" and (6) that his plea and waivers were entered with the advise of counsel. In fact, the superior court judge was quite explicit on the issue of the robbery-murder special circumstances: "I want it to be made quite clear that the 187 [murder charge] which is reflected in Count II, occurred during the commission or attempted commission of a robbery...." Petitioner's counsel answered, "That is true...." The prosecutor then asked petitioner if he joined his counsel's statement, to which he answered, "Yes."
 
 
 7
 Petitioner's contention that he did not admit the robbery-murder special circumstance when he said "guilty" is undermined by the superior court's minute order reflecting an admission by the defendant of the alleged special circumstance under Cal.Pen.Code § 190.2(a)(17)(i). Moreover, the purpose of the Williams hearing was to see if the court would exercise its descretion to strike the special circumstance not as pleaded in the information, but as established by petitioner's plea of guilty. The record shows beyond a doubt that all parties understood this purpose at the hearing itself. The court said:
 
 
 8
 The matter is on calendar for what I'm going to call a Durmon Williams hearing. It is basically whether this Court in sentencing should sentence to life without possibility of parole, or alternatively, life with the possibility of parole, which would be 25 years, plus the use of a gun adding two, would be 27 to life.
 
 
 9
 This is based on a case that came from this Court many years back that was decided by the Supreme Court of California, which says in effect the trial judge has ability to vacate a finding of a jury on special circumstances.
 
 
 10
 (emphasis added).
 
 
 11
 At the end of the Williams sentencing hearing, the court said, "So I will not strike the special circumstances. Any legal cause?" To which counsel answered "No, Your Honor;" whereupon the petitioner was immediately sentenced to life without possibility of parole.
 
 
 12
 Most damaging to petitioner's spurious claim is the absence of even a single objection on the ground he now advances either at the plea hearing, during or after the Williams hearing, or prior to or during sentencing. This continuity of behavior signals comprehension on the part of all parties concerned--including petitioner--that he was pleading guilty to both the murder and the special circumstances, which was the only way he could be facing a LWOP sentence. The "spin" petitioner attempts to put on his plea proceedings in superior court is thoroughly contradicted many times over by the record.
 
 
 13
 Accordingly, we (1) reverse the district court's judgment granting this petition for a writ of habeas corpus, (2) vacate the district court's order ordering the state to set aside petitioner's sentence and to grant him a trial on the special circumstances, and (3) remand with instructions to enter judgment in this action on behalf of respondent-appellant State of California.
 
 
 14
 REVERSED and REMANDED for the entry of judgment.
 
 
 
 *
 The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3